

December 1, 2014

**Via ECF**
Honorable Gary R. Brown
UNITED STATES DISTRICT COURT
Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722

      Re:    *Raimey v. Wright National Flood Insurance Company*
              14-mc-41 and Case 2:14-cv-00461-JFB-SIL
              Additional Evidence and Request for Expedited Evidentiary Hearing

Dear Judge Brown,

Plaintiffs' counsel needs to make the Court aware of the following additional evidence of altered engineering reports in the aftermath of Hurricane Sandy discovered this weekend. Plaintiffs' counsel presents this evidence against the backdrop of defense counsel Gerald Nielsen's representations to the Court on behalf of certain WYO carriers, including Hartford, that there is no evidence that other agents or contractors use similar engineering practices to those uncovered in *Ramey*.[1]

**The Dweck Case**

Stephen and Sarise Dweck own a one-family home in Manhattan Beach, Brooklyn, which was devastated by Hurricane Sandy. They filed a claim with Hartford Insurance Company of the Midwest, and their claim was denied based on an altered engineering report. Plaintiffs' counsel has discovered the following evidence:

- On January 11, 2013, Harold Weinberg, a New York State Licensed Professional Engineer inspected the Dweck's damaged home.

- Mr. Weinberg produced a report dated March 15, 2013, in which he wrote *"…the flood waters caused damage to the inside of the building in the cellar and on the first floor…The damage at the lower part of the building was caused by flooding and is responsible for about 100% in total…The entire cellar including the slab and the foundation walls were damaged extensively. The surge of the water washed out much of the interior of the cellar space and the interior of the first floor…No major damage existed prior to storm Sandy to the building proper."* To this report, Mr. Weinberg affixed a wet-ink seal of New York State engineer license.[2]

---
[1] *See* DE [78] at 2; *see also* DE [92] at 3-4.
[2] *See* **EXHIBIT A**, a photographed copy of Mr. Weinberg's original report.

Mostyn Law Firm
3810 W. Alabama Street   Houston, Texas 77027   T 713 714 0000   F 713 861 8084   mostynlaw.com

HOUSTON / BEAUMONT / AUSTIN / GALVESTON   1 800 400 4000

The Honorable Gary Brown
December 1, 2014
Page | 2

- On March 18, 2013, HiRise Engineering altered Mr. Weinberg's original report, by removing the findings and observations cited above and by adding conclusions, observations and analysis never written by Weinberg himself. HiRise then affixed Weinberg's engineer licensee seal to the altered report, which was used as the basis by Hartford to deny the Dweck's claim.[3]

- On July 2, 2013, the Dwecks' attorney notified Hartford of the altered report which led to the denial of the Dweck's claim. The Dwecks' attorney interviewed Mr. Weinberg, who stated that he stood by his original conclusions, and that he had not "*granted permission to HiRise…to alter, modify or change the results or findings contained within his report.*"[4]

- On July 7, 2013, the Dwecks' attorney wrote to Hartford that he had interviewed the HiRise manager whose name appears on the altered March 18 engineer's report, stating "*[h]e admitted to never showing the altered report to Mr. Weinberg before affixing his signature and seal. He never had Mr. Weinberg review or re-sign the report which was provided to us with the denial of the claim. He merely took Mr. Weinberg's signature block and affixed it to the bottom of the 'revised' report.*"[5]

- On August 27, 2013, the Dwecks received a response from Mr. Nielsen's law firm. Instead of addressing the altered engineering report, Hartford suggested – nearly one year after the storm – that a new engineer be selected to produce yet another report, writing "*If the Dwecks choose to refuse to cooperate in this demand, their refusal to cooperate will be considered in determining whether any further benefits are owed under the SFIP.*"[6]

- After additional unsatisfactory correspondence with Hartford's counsel,[7] the Dwecks' lawyer contacted FEMA on January 23, 2014. With this letter, he provided FEMA evidence of the altered original Weinberg report.[8]

- On June 19, 2014, James Sadler, Director of Claims for the Federal Insurance and Mitigation Administration, denied the Dwecks' appeal. In his denial, FEMA failed to acknowledge the existence of the alternations made to Mr. Weinberg's original report.[9]

---

[3] *See* **EXHIBIT B**, a copy of the altered report, along with a comparison of the signatures on the two reports.
[4] *See* **EXHIBIT C**, a copy of the July 2, 2013 letter.
[5] *Id*.
[6] *See* **EXHIBIT D**, a copy of the August 27, 2013 letter.
[7] *See* **EXHIBIT E**, a copy of the September 16, 2013 letter, **EXHIBIT F**, a copy of the September 17, 2013 letter, and **EXHIBIT G**, a copy of the September 20, 2013 letter.
[8] *See* **EXHIBIT H**, a copy of the January 23, 2014 letter.
[9] *See* **EXHIBIT I**, a copy of the June 19, 2014 letter.

The Honorable Gary Brown
December 1, 2014
Page | 3

      Confronted with the mounting evidence that altered engineering reports are not isolated to the Rameys' claim, Plaintiffs' counsel respectfully requests an expedited evidentiary hearing regarding the WYO defendants' representation to the Court that there is no evidence that other agents or contractors use similar engineering practices to those uncovered in *Ramey*. We leave to the Court the scope and breadth of those who will be required to testify.

                              Sincerely,

                              */s/ **J. Steve Mostyn***

                              J. Steve Mostyn