

McMAHON, MARTINE & GALLAGHER, LLP
ATTORNEYS AT LAW

*Principal Office:*
55 WASHINGTON ST.
BROOKLYN, NY 11201
TEL (212) 747-1230
FAX (212) 747-1239

*New Jersey Office:*
404 MARKET STREET
TRENTON, NJ 08611
TEL (609) 396-2999
FAX (609) 396-2254

<u>Via ECF</u>

December 26, 2014

Honorable Gary R. Brown
United States District Court
Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722

    Re:    *Raimey v. Wright National Flood Insurance Company*
            Case 2:14-cv-00461-LDW-ARL-GRB
            Letter in Response to Plaintiffs' Applications in Docket #s 119 and 124

Dear Judge Brown:

       On October 29, 2014, plaintiffs' then-recently admitted *pro hac vice* counsel filed and served a discovery motion in violation of this Court's Local Rule 37.3(c). The next day, I served and filed a letter quoting Local Rule 37.3(c) *verbatim* for plaintiffs' new counsel (docket # 74), and the day after that, October 31, 2014, Your Honor denied all parts but one of plaintiffs' application "upon the apparent failure of counsel to comply with this district's meet and confer rule."

       Just five days later, on November 5, plaintiff again moved for discovery relief without complying with this district's meet and confer rule (docket #80), and accordingly on November 11, I was obliged again to quote Local Rule 37.3(c) in full to plaintiffs' *pro hac vice* counsel (docket # 83). On November 17, 2014, Your Honor denied plaintiffs' renewed application without prejudice, consistent with Your Honor's November 7, 2014 opinion.

       In Your Honor's November 7, 2014 opinion, you noted that plaintiffs' counsel had failed to comply with CMO 1 by failing to provide defense counsel with plaintiffs' photographs of the field engineer's draft report pages. Your Honor further stated: "Plaintiffs' counsel is hereby admonished that future violations of this kind could result in sanctions."

       Now in the next month (and on the eve of the Christmas and New Year's holidays when many of us have long-ago booked vacation plans with our families), we are treated by plaintiffs' *pro hac vice* counsel to yet another violation of CMO 1 (failure to turn over any of plaintiffs' own emails), and another motion brought in violation of Local Rule 37.3(c). Plaintiffs' counsel shamelessly brings that motion on papers revealing continuing lack of compliance with CMO 1 in their failure to produce *their own clients'* emails to the independent adjuster and to Wright's vice president of claims.

1

We have reviewed plaintiffs' disclosures from the commencement of this lawsuit through the December 17 oral arguments on the Objections to the November 7 Order, and on to the present date. There is not one email between their client and anyone in those disclosures. Nevertheless, at the December 17 oral argument on the Objections, plaintiffs' counsel Rene Sigman dramatically held up her own client's email to third-party adjuster David Maxime (at his personal email address, not to an address at colonialclaims.com). *We* produced that email to plaintiffs on December 12 after having just obtained it in the course of our efforts to comply with the November 7 Order. Now, continuing as we have to do our best to comply with every order that has issued, and having accordingly caused our client, Wright, to have searched archived emails for emails that may have existed but not been placed in the claim file, we have just produced emails resulting from that specific search, which emails were between plaintiff Debra Ramey and Wright Vice President of Claims Jeff Moore, *which emails to Moore plaintiff Ramey herself made, and which emails she got back from him she presumably kept, and not one of which plaintiffs' counsel has ever produced to defense counsel!* Those few emails between Debra Ramey and Jeff Moore were sent over twenty months prior to the time plaintiffs' counsel surprised defense counsel at the September 25, 2014 mediation with pictures of the Hernemar first draft report. As of January 2013, Jeff Moore was supervising almost 20,000 Sandy flood claims. He cannot be expected to remember every one. Debra Ramey has just one case, and it is personally hers. Her new counsel is fond of pointing out that he has just one case (he in fact now has six, including three class action RICO suits against flood carriers, engineers, adjusters and attorneys). It would appear that counsel's filing in this case represents an attempt to use this case as a discovery vehicle when such discovery properly belongs in those cases where adversaries are represented. It is inexcusable, especially after being admonished by this Court in the November 7 Order, that Plaintiffs still have not turned over their own clients' emails and other required documents, but rather, continue strategically to hold back their clients' own documents and photos, and instead use those one-at-a-time to attempt to inflame the court, inflame the public in an ongoing media campaign, seek sanctions (amazingly based on, among other things, private jet travel), and seek advantage in their real agenda – their class action lawsuits. They behave as if they have an exclusive license to continue violating CMO 1.

The whole purpose of Local Rule 37.3(c) is to force advocates to behave as grown-ups and work things out without wasting the Court's time and resources. If plaintiff counsel had informed us that they had a basis to believe Wright had relevant documents that were not in the claim file, and if they had shown us the documentary basis for that belief, we as counsel would have been equipped with specific and valuable information with which we could have directed our client in a better targeted and more comprehensive search for documents and things. They possessed such a basis from the beginning of the litigation in the form of their own emails, yet never shared it although required under CMO 1 to do so. We repeat without any reservation whatsoever: defense counsel never had any version of any part of Hernemar's first draft until it was shown them for the first time at the September 25, 2014 mediation. Defense counsel did not have any knowledge of the Ramey-Moore emails, which were not in the claim file, until this week.

Likewise, the purpose of automatic discovery rules, whether under Rule 26 or under CMO 1 in this case, is to fully inform adversary counsel and so facilitate the best, speediest and most just resolution of cases, and to avoid gamesmanship and litigation-by-surprise. "The purpose of our modern discovery procedure is to narrow the issues, *to eliminate surprise,* and to achieve substantial justice." *Greyhound Lines, Inc. v. Miller,* 402 F.2d 134, 143 (8th Cir.1968) (emphasis supplied). The rules are meant to insure that … parties can obtain "[m]utual knowledge of all the relevant facts gathered by both parties." *Id.* (citing *Hickman v. Taylor,* 329 U.S. 495, 507, 67 S.Ct. 385, 391, 91 L.Ed. 451 (1947))." <u>Mawby v. United States</u>, 999 F.2d 1252, 1254 (8th Cir. 1993). This is both simple and not new. If the Plaintiffs produced their photos of the Hernemar first draft and their emails to non-

party independent adjuster David Maxime and Wright's Vice President of Claims Jeff Moore at the outset, and produced required discovery documents, all parties could have conducted more knowledgeable and thorough discovery, and a claim could have been efficiently resolved.

Our present posture is a direct result of plaintiffs' continuing choice to withhold their own information from defense counsel. Rewarding counsel's serial violations of Local Rule 37.3(c) and CMO 1 would assure that this abusive and unproductive pattern continues.

We again implore Your Honor to put a stop to it. The first order of business should be an order directing plaintiffs' counsel to at last produce by a specific date all of their own materials including but not limited to all their own emails to and from anyone (other than their own counsel) concerning their Hurricane Sandy insurance claims for 24 Michigan Street. Together with that order there should be a specific directive that plaintiffs produce by a specific date their adjusters, engineers and contractors documents and things consistent with the November 7 Order. Defendant has already done this.

In the meantime, we note plaintiffs' counsel's request for a copy of all of US Forensic's relevant emails and attachments in native digital format. We do not oppose this request, even if it really belongs in the class action suit. We will not oppose a plaintiffs' subpoena to US Forensic seeking such things, and if the Court wishes we will issue our own subpoena for production of same by US Forensic directly to both plaintiffs' and defendant's counsel. We likewise do not oppose such a request of George Hernemar, Colonial Claims and/or David Maxime, and would not oppose and would facilitate any subpoena process the Court may prefer.

Otherwise, we respectfully pray Your Honor will deny plaintiffs' application without prejudice based on their again having moved without genuine, or any, compliance with Local Rule 37.3. If there is to be a further hearing, then we ask the Court to include the following issues: (1) why no plaintiffs, including the Rameys, have produced third party documents although the court has taken the position that they were due and owing since CMO 1 was issued in February; (2) why the Rameys have not produced emails they sent and received concerning their insurance claims for 24 Michigan Street.

Respectfully yours,

*/s/ Patrick W. Brophy*
Patrick W. Brophy

Cc: All counsel of record via ECF