UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

IN RE HURRICANE SANDY CASES

---------------------------------------------------------------X

THIS DOCUMENT APPLIES TO:

**ALL RELATED CASES**

---------------------------------------------------------------X

**ORDER**

14 MC 41

On November 7, 2014, Judge Brown entered an Order in Raimey v. Wright National Flood Insurance Co., 14 CV 461 (JFB) (SIL) ("Raimey"), requiring defendants in every Hurricane Sandy Case to produce to plaintiffs by December 12, 2014, all reports described in CMO #1, including drafts, redlines, markups, and related documents prepared or collected by defendants' engineers, adjustors or other agents. Thereafter, on December 8, 2014, the Hurricane Sandy Committee (the "Committee") scheduled an evidentiary hearing for January 28, 2015 to "evaluate all claims of altered or otherwise improper practices relating to damages reports."

Among the cases that had been previously identified to the Committee as presenting similar issues to those raised in Raimey were: (1) Shylonsky v. Travelers Insurance Co., 13 CV 5393 (RJD) (RLM); Dweck v. Hartford Insurance Co. of the Midwest, 14 CV 6920 (ERK) (LB); and Giovinco v. Fidelity National Property & Casualty Insurance Co., 14 CV 3937 (ADS) (SIL). The Committee also Ordered plaintiffs to provide a list of any other cases they wished to discuss at the hearing by January 12, 2015. In response to the Committee's Order, plaintiffs have to date

identified three additional cases:  <u>Mero v. New York Central Fire Mutual Insurance Co.</u>, 13 CV 6995 (ADS) (AKT); <u>Wellisch v. Wright National Flood Insurance</u>, 14 CV 476 (JS) (ARL); and <u>Johnston v. Fidelity National Property & Casualty Insurance Co.</u>, 14 CV 5707.

Although defendants had been Ordered by the Committee to produce all documents detailed in the <u>Raimey</u> decision, prior counsel for defendants submitted a letter dated January 12, 2015, indicating that they had mistakenly failed to provide all documents in a timely fashion, but that they would be produced by January 13, 2015.  Based in part on this delay in the production of the <u>Raimey</u> documents, J. Steve Mostyn of the Mostyn Law Firm filed a letter on January 15, 2015, requesting additional time until January 18, 2015 to be allowed to identify new cases to be considered in the hearing.

Given the number of cases identified to the Committee, the Committee has decided to limit the cases to be considered at the January 28th hearing to <u>Dweck</u>, <u>Shylonsky</u>, and <u>Mero</u> in order to ensure that the parties have sufficient time to explore all the issues raised in these cases. Counsel for both plaintiffs and defendants in these three cases should be prepared to proceed to present evidence and witnesses at the hearing.  The Committee will hear evidence in <u>Giovinco</u>, <u>Wellisch</u>, and <u>Johnston</u>, as well as any other cases that plaintiffs identify, at a future date to be determined.

The Committee grants plaintiffs' request for an extension of time until January 20, 2015 to identify other cases which raise similar issues. Any such cases will be considered at a future date.

**SO ORDERED**.

Dated: Brooklyn, New York
      January 16, 2015

/S/   CHERYL L. POLLAK
Cheryl L. Pollak United States
Magistrate Judge

/S/   GARY R. BROWN
Gary Brown United States
Magistrate Judge

/S/ RAMON E. REYES, JR.
Ramon E. Reyes, Jr.
United States Magistrate Judge